Kevin M. Zietz, Esq. (SBN 186244)
E-mail: kevin@zietzlaw.com
LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 432
Encino, California 91436
Tel: (818) 981-9200
Fax: (818) 981-9201

Todd Krauss, Esq. (SBN 187991)
E-mail: todd@tkrausslaw.com
LAW OFFICES OF TODD KRAUSS & ASSOCIATES
16055 Ventura Boulevard, Suite 432
Encino, California 91436
Tel: (818) 981-1007
Fax: (818) 322-3901

Attorneys for Plaintiff,
ALMA PARTIDA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ALMA PARTIDA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; VANTAGE BENEFITS ADMINISTRATOR, INC., and DOES 1 to 10, Inclusive,<br><br>　　　　Defendants. | Case No. :<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>[29 U.S.C. §1132(a)(1)] |

Plaintiff, ALMA PARTIDA (hereinafter referred to as "Plaintiff"), complains of Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM"), and VANTAGE BENEFITS ADMINISTRATOR, INC., (hereinafter referred to as "The Plan VANTAGE BENEFITS ADMINISTRATOR, INC.,"), as follows:

///

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about June 29, 2017, at which time she was informed by UNUM that the decision to deny her Long-Term Disability (LTD) benefits was being upheld, and that she has the right to bring a civil action pursuant to section 502(a) of ERISA.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that The Plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, Vantage Benefits Administrator, Inc., to provide its employees with group long-term disability insurance to pay a portion of a covered employee's income during a period of disability.

6. The Plan can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

7. Plaintiff was an individual citizen and was a resident of the State of California, County of Riverside, residing within the Central District of the State of California at the time her claim arose.

8. UNUM issued a policy that fully insures The Plan and therefore is

COMPLAINT FOR DAMAGES UNDER ERISA

8. UNUM issued a policy that fully insures The Plan and therefore is contractually obligated to pay benefits on claims covered and approved.

### FACTUAL BACKGROUND

9. At all times relevant hereto, Plaintiff, currently age 46, was employed as a Director of Client Services and was and is a participant and beneficiary of The Plan at all time mentioned herein.

10. Plaintiff's occupation required that she perform administrative duties, which entailed her to be on the phone, conduct web conferences, manage a team of employees, and make sure all proposals and client renewals of contracts were correct, her job was sedentary in nature.

11. Plaintiff went out of work on June 3, 2016 due to a diagnosis of breast cancer and the subsequent treatment.

12. The Plan went into effect on April 1, 2016.

13. The Plan defines Disability as follows:

"You are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and
- you have a 20% or more loss in weekly earnings due to the same sickness or injury."

14. The policy has a Pre-Existing Condition provision which reads as follows:

"Pre-Existing Condition means a condition for which you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicine for your condition during the given period of time as stated in the plan."

15. On March 9, 2016, Plaintiff was seen by her primary care doctor for complications of pelvic pain and burning on urination. At that time, her primary care doctor realized that she was due for her yearly mammogram and ordered one.

At no time prior to this appointment did Plaintiff have and pain, discomfort or cause for concern regarding her breasts.

16. Plaintiff underwent a mammogram on March 28, 2016.

17. A radiologist reviewed the mammogram on March 29, 2016, and noted an area of focal asymmetry to be suspicious and requested that an additional evaluation be made.

18. Plaintiff underwent an ultrasound on April 4, 2016.

19. Plaintiff underwent a biopsy on April 7, 2016.

20. Plaintiff was diagnosed with breast cancer on April 18, 2016.

21. On May 31, 2016 Plaintiff submitting her claim for Long-Term Disability Benefits to Unum, along with her medical records showing what had occurred.

22. Plaintiff had surgery on June 7, 2016. Thereafter, Plaintiff started chemotherapy treatments.

23. In a letter dated December 6, 2016, Unum denied Plaintiff's claim for benefits stating the following reason:

> "The information we reviewed indicates you were treated by Dr. Mahoney on March 28, 2016 for a breast imaging study. The medical condition caused, contributed to, or resulted in your disabling condition of breast cancer. Since this diagnostic measure occurred during the 3 months before your effective date, this condition is pre-existing."

24. Plaintiff submitted a timely appeal on May 25, 2017. She provided a letter from her primary care doctor, Dr. Keith Curtis, dated February 2, 2017, stating that that Plaintiff was seen on March 9 for pelvic pain and burning on urination. Dr. Curtis noticed that Plaintiff was due for an annual mammogram screening and ordered one. Dr. Curtis' letter reads as follows:

> "… I will point out that this was a 'screening mammogram, not a

"diagnostic' mammogram which would have been ordered if she an abnormal finding on exam or complaint."

25. Dr. Curtis also prepared an amendment that reads as follows:

"At no time prior to April 2016 did Mrs. Partida receive medical treatment, consultation, care, or services relating to breast cancer."

26. Plaintiff's also provided information from two oncologists treating her for her condition that she underwent surgery, chemotherapy and weekly infusions of Herceptin along with other medications.

27. Treatment caused Plaintiff to experience extensive side effects that include difficulty moving her arms due to pain and severe fatigue. Plaintiff's doctor opined that she is disabled due to these side effects.

28. Treatment with Herceptin caused Plaintiff to experience joint and muscle pain making it difficult for her to sit for long periods of time.

29. Plaintiff also submitted case law that distinguishes her case from the treatment and care provision alleged by Unum. Plaintiff requested that Unum review the applicability of the pre-existing condition provision and the Plaintiff's disability status based upon the submitted medical information.

30. On June 29, 2017, Unum denied Plaintiff's claim for long term disability benefits on the basis that the case law referenced in the appeal was distinguishable from the facts of Plaintiff's claim. The denial letter reads as follows:

"While Mrs. Partida's March 28, 2016 mammogram was a routine scheduled examination, her medical records show she received medical consultation and care on March 29, 2016, when specific additional testing for breast cancer was recommended based upon the abnormal results of the mammogram (focal asymmetry with associated amorphous calcifications with grouped distribution.)"

31. UNUM denied Plaintiff's claim strictly based upon applicability of the

COMPLAINT FOR DAMAGES UNDER ERISA

Pre-existing Condition provision.

## COUNT ONE

### For Damages and Benefits Against Defendants
### UNUM LIFE INSURANCE COMPANY OF AMERICA and
### VANTAGE BENEFITS ADMINISTRATOR, INC.,
### (Pursuant to 29 U.S.C. Section 1132(a)(1))

32. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33. The LTD policy insuring The Plan has an effective date of April 1, 2016. The policy renews on the first of January each year thereafter.

34. Based upon information and belief, The Plan does not contain an express grant of discretionary authority.

35. If the Plan documents does contain an express grant of discretionary authority, *California Insurance Code* § 10110.6 will render it null and void and the Court will apply a de novo standard of review.

36. Plaintiff's claim is for non-vested employee welfare benefits, so the controlling plan is the one that existed at the time her ERISA cause of action accrued (which is when LTD benefits were finally denied on June 29, 2017).

37. The weight of the evidence, including the medical evidence, in the administrative record supports a determination that Plaintiff's condition is not pre-existing, and that Plaintiff has limitations and restrictions that prevent her from being able to perform the material duties of her regular occupation.

38. In the event that the court utilizes an abuse of discretion standard, Plaintiff alleges that Unum has a structural conflict of interest because it is the claims administrator and the funding source for claims paid pursuant to the LTD policy that insures The Plan.

39. In the event that the court utilizes an abuse of discretion standard, Unum's claims decision was illogical, implausible, and/or without support in

COMPLAINT FOR DAMAGES UNDER ERISA

inferences that may be drawn from the facts in the record.

40. As a direct and proximate result of Unum's wrongful denial of LTD benefits, Plaintiff contends that Unum has breached the contract by not paying benefits, payable at the rate of $3,520.84 per month, minus appropriate offsets, from April 1, 2016 to the present and continuing.

41. As a further direct and proximate result of the denial of benefits, and due to Unum's failure to pay benefits, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her under the terms of The Plan. Accordingly, Plaintiff will be entitled to reasonable attorneys' fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

### Count One

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $3,520.84 per month, minus appropriate offsets, from December 5, 2016 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For an order remanding the claim back to the Unum for a determination regarding eligibility for benefits under the "any gainful occupation" definition.

\\\
\\\
\\\
\\\
\\\

COMPLAINT FOR DAMAGES UNDER ERISA

|   |   |   |
|---|---|---|
| 1 | 5. | For any further relief that the court deems reasonable and just. |

```
1      5.     For any further relief that the court deems reasonable and just.
2
3   DATED: October 20, 2017              Respectfully submitted,
4                                        LAW OFFICES OF KEVIN ZIETZ
5
6
7                                        By: /s/ Kevin M. Zietz
                                             Kevin M. Zietz
8                                            Todd Krauss
                                             Attorney for Plaintiff
9                                            ALMA PARTIDA
```

- 8 -
**COMPLAINT FOR DAMAGES UNDER ERISA**